IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ROBERT LYMAN BERG )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>HARBOR FREIGHT TOOLS USA, INC )<br>)<br>Serve at:    12747 Olive Blvd #300 )<br>                  St Louis MO 63141 )<br>)<br>    Defendant ) | Case No. 2:26-cv-04003-BP<br>**JURY TRIAL DEMANDED** |

**SECOND AMENDED COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Robert Berg, and brings this Petition for Damages. In support thereof Plaintiff alleges:

**Summary of the Claim**

This is a products liability action arising from a catastrophic hand injury caused by Defendant Harbor Freight Tools USA, Inc.'s marketing and sale of an unreasonably dangerous wood carving disc and angle grinder without adequate warnings. Plaintiff Robert Berg purchased a Bauer wood carving disc from Harbor Freight in Missouri and used it as instructed and intended with a Hercules 4-1/2" Heavy Duty Angle Grinder also manufactured and sold by Defendant. On October 5, 2023, while carving wood in a safe and controlled manner, the chainsaw-style carving disc violently kicked back, causing severe lacerations, fractures, permanent nerve damage, and partial amputation of Plaintiff's left thumb. Defendant failed to warn consumers of the extreme dangers, which Defendant was well aware of, associated with

1

such products, misrepresented their safety, and placed them into the stream of commerce in violation of Missouri law, directly causing Plaintiff's permanent injuries and damages.

**Parties**

1. Plaintiff Robert Berg is a resident of Morgan County, Missouri.

2. Plaintiff Robert Berg is over the age of eighteen (18) years and has standing and legal capacity to bring this action in the State of Missouri.

3. Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") is a for-profit corporation headquartered in California that regularly conducts business in the State of Missouri.

4. Defendant Harbor Freight manufactures, distributes, markets, and sells various wood working products, including wood carving discs, in the normal course and scope of its business under the trade names Bauer and Hercules.

5. Defendant Harbor Freight manufactured, distributed, and sold the Bauer wood carving disc, model number 2061A-C414, including sales at its retail locations within the State of Missouri.

6. Defendant Harbor Freight manufactured, distributed, and sold the Hercules 4-1/2" Heavy Duty Angle Grinder, model number HE61S, Serial No. 37460-1823, including sales at its retail locations within the State of Missouri.

7. The Bauer wood carving disc, model 2061A-C414, was sold in the State of Missouri and caused tortious injury to Plaintiff Robert Berg in Morgan County, Missouri.

8. The Hercules 4-1/2" Heavy Duty Angle Grinder, model number HE61S, Serial No. 37460-1823, was sold in the State of Missouri and caused tortious injury to Plaintiff Robert Berg in Morgan County, Missouri.

**Venue, Jurisdiction & Jury Trial Demand**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and the Defendant, and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

10. Diversity of citizenship exists because Plaintiff Robert Berg is a citizen of the State of Missouri, and Defendant Harbor Freight Tools USA, Inc. is a citizen of the State of Delaware.

11. Personal jurisdiction over Defendant Harbor Freight Tools USA, Inc. is proper in this Court because Defendant sold the subject products and owns and operates retail locations within the Western District of Missouri of the United States District Court, including but not limited to locations in Columbia, Sedalia, Kansas City, and Springfield, and regularly conducts business within this District.

12. Pursuant to 28 U.S.C. § 1391, venue properly lies in this judicial district because a substantial part of the events and omissions giving rise to the claims herein occurred in the Western District of Missouri.

13. Plaintiff hereby demands a trial by jury on all issues so triable as of right, pursuant to the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## Count I - Negligence

14. On September 26, 2023, at approximately 2:55 p.m., Plaintiff purchased a Bauer wood carving disc for $29.99 from Defendant's Store No. 00791, located at 1705 West Broadway Boulevard, Sedalia, Missouri.

15. In approximately the year 2018 or 2019, Plaintiff purchased a Hercules 4-1/2" Heavy Duty Angle Grinder from Defendant's store.

16. The Bauer wood carving disc purchased by Plaintiff is a disc equipped with chainsaw-type cutting teeth, designed to spin at high revolutions per minute when attached to a handheld angle grinder.

17. Inherent in the design of the Bauer wood carving disc is that it places what is effectively the cutting tip of a chainsaw blade—the most dangerous portion of a chainsaw—onto a handheld grinder, greatly increasing the risk of sudden kickback, loss of control, and catastrophic injury.

18. Defendant manufactured, marketed, distributed, and sold the Bauer wood carving disc as an approved and safe attachment for use with Defendant's Hercules HE61S angle grinder, which Defendant also manufactures, sells, and distributes through its retail stores.

19. The Bauer wood carving disc comes with an instruction manual.

20. In the case of the Bauer wood carving disc purchased by the Plaintiff, the accompanying manual was copyrighted in 2022 and expressly described using the disc with a Hercules angle grinder of the same type owned by Plaintiff.

21. The wood carving disk instruction manual failed to include adequate warnings regarding the dangers, risks, hazards, or propensity for violent kickback associated with using the Bauer wood carving disc on a handheld angle grinder.

22. The Hercules 4-1/2" Heavy Duty Angle Grinder manual that came with the grinder purchased by the Plaintiff in 2018 or 2019, believed to have the designation of Item or reference number 56435 or 56459 in Defendant Harbor Freight's inventory system, had no warnings regarding the dangers, risks, hazards, or propensity for violent kickback associated with using the Bauer wood carving disc on the Hercules 4-1/2" Heavy Duty Angle Grinder.

23. Neither the Bauer wood carving disc nor the Hercules grinder bore on-product warnings alerting users to the risk of sudden kickback, catastrophic hand injury, or amputation when using a saw chain woodcarving blade or toothed saw blade with said grinder.

24. Defendant intended that the Bauer wood carving disc be used with grinders such as the Hercules 4-1/2" Heavy Duty Angle Grinder, model number HE61S, Serial No. 37460-1823 sold by Defendant and already owned by Plaintiff.

25. Plaintiff followed the instructions provided with the Bauer wood carving disc and used the product exactly as Defendant intended and represented.

26. On October 5, 2023, Plaintiff was using the Bauer wood carving disc, model 2061A-C414, manufactured, sold, and distributed by Defendant, attached to a Hercules HE61S angle grinder.

27. At the time of the incident, Plaintiff was carving a piece of white oak that was properly secured in a vise, and Plaintiff was using all recommended safety precautions, including proper placement of the grinder's safety guard

28. Without warning, the Bauer wood carving disc violently kicked back, causing the grinder to jerk uncontrollably and severely lacerate Plaintiff's left hand.

29. The Bauer wood carving disc is inherently defective and unreasonably dangerous in that it exposes users to a high risk of sudden kickback and catastrophic injury when used as intended on a handheld grinder.

30. The dangerous nature of chainsaw-style carving discs is well known by professionals within the woodworking industry, where such tools have been described as woodworking's "most dangerous tool", and similar products have been banned in other jurisdictions.

31. As a direct and proximate result of Defendant's failure to properly warn users of its products, Plaintiff suffered catastrophic and permanent injuries, including but not limited to:

   a. Partial amputation of his left thumb;

   b. Open fractures of the thumb and index finger;

   c. Lacerations to multiple fingers;

   d. Permanent nerve damage and loss of sensation;

e. Loss of grip strength and dexterity;

  f. Permanent disfigurement and inability to wear his wedding band.

32. Plaintiff has undergone multiple surgeries, including emergency surgical amputation and a subsequent excision and debridement procedure on December 29, 2023.

33. Plaintiff has incurred substantial medical expenses, including $18,977.88 in charges at Bothwell Regional Health Center, with additional Veterans Administration medical expenses pending.

34. Plaintiff continues to suffer from physical pain, mental anguish and the loss of enjoyment of life as a result of his permanent injuries.

35. Defendant owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, marketing, distribution, and warning of its products, including the Bauer wood carving disc.

36. Defendant breached its duty of care by, among other things:

    a. Designing and selling a chainsaw-style carving disc for use on a handheld grinder without adequate safety protections;

    b. Failing to provide adequate warnings regarding the risk of kickback and catastrophic hand injury;

    c. Marketing the Bauer wood carving disc as safe for use with the Hercules grinder when Defendant knew or should have known of the extreme dangers involved;

    d. Failing to provide on-product warnings or conspicuous hazard disclosures;

    e. Placing an unreasonably dangerous product that lacks adequate warnings into the stream of commerce.

7

37. Defendant knew or, in the exercise of ordinary care, should have known that users would foreseeably use the Bauer wood carving disc affixed to a Hercules 4-1/2" Heavy Duty Angle Grinder, model number HE61S, Serial No. 37460-1823, as Plaintiff did and would be exposed to an unreasonable risk of severe injury.

38. Defendant's acts and omissions were negligent, careless, and reckless, and directly and proximately caused Plaintiff's injuries and damages.

39. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered past and future medical expenses, permanent injury, disfigurement, physical pain, emotional distress, loss of enjoyment of life, and other damages in an amount to be determined by the jury.

WHEREFORE, Plaintiff prays for judgment against Defendant Harbor Freight Tools USA, Inc., for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, for costs of suit, and for such other and further relief as the Court deems just and proper.

**Count II-Strict Liability Relating to the Bauer Wood Carving Disc, Model 2061A-C414**

40. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 39 of this Petition, restates them, and realleges them as if fully set forth herein.

41. At all relevant times, Defendant Harbor Freight Tools USA, Inc. was engaged in the business of manufacturing, distributing, marketing, and selling consumer tools and accessories, including the Bauer wood carving disc, model 2061A-C414, and sold said product in the course and scope of its business.

42. When the Bauer wood carving disc was placed into the stream of commerce by Defendant, it was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, including its propensity for sudden and violent kickback and loss of control when used on a handheld angle grinder.

43. Defendant failed to provide adequate warnings of the dangers associated with the intended and reasonably anticipated use of the Bauer wood carving disc, including but not limited to warnings regarding:

    a. The extreme risk of sudden kickback;

    b. The potential for loss of control;

    c. The likelihood of catastrophic hand injury, including lacerations, fractures, nerve damage, and amputation; and,

    d. The risk of loss of control even when the product is used with safety guards and in accordance with provided instructions.

44. Defendant failed to include any on-product warnings, labels, or conspicuous hazard disclosures on the Bauer wood carving disc itself, and failed to provide adequate warning language in the accompanying instruction materials.

45. At all times relevant herein, Plaintiff used the Bauer wood carving disc in a manner reasonably anticipated and intended by Defendant, including use on a Hercules angle grinder manufactured, sold, and recommended by Defendant.

46. As a direct and proximate result of Defendant selling the Bauer wood carving disc without adequate warnings, Plaintiff suffered severe, permanent, and catastrophic injuries, including partial amputation, fractures, nerve damage, loss of function, disfigurement, physical pain, emotional distress, and economic loss.

47. Defendant is therefore strictly liable for Plaintiff's injuries and damages under Missouri products liability law based upon failure to warn.

WHEREFORE, Plaintiff prays for judgment against Defendant Harbor Freight Tools USA, Inc., for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, for costs of suit, and for such other and further relief as the Court deems just and proper.

**Count III-Strict Liability Relating to the Hercules 4-1/2" Heavy Duty Angle Grinder, Model Number HE61S, Serial No. 37460-1823**

48. Plaintiff incorporates by reference the allegations of Paragraphs 1 through 47 of this Petition, restates them, and realleges them as if fully set forth herein.

49. At all relevant times, Defendant Harbor Freight Tools USA, Inc. was engaged in the business of manufacturing, distributing, marketing, and selling consumer tools and accessories, including the Hercules 4-1/2" Heavy Duty Angle Grinder, model number HE61S, Serial No. 37460-1823, and sold said product in the course and scope of its business.

50. When the Hercules 4-1/2" Heavy Duty Angle Grinder, model number HE61S, Serial No. 37460-1823 was placed into the stream of commerce by Defendant, it was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its

10

Case 2:26-cv-04003-BP    Document 14    Filed 02/27/26    Page 10 of 15

characteristics, including its propensity for sudden and violent kickback and loss of control when used with a saw chain woodcarving blade or toothed saw blade, like the Bauer wood carving disk.

51. Defendant failed to provide adequate warnings of the dangers associated with the intended and reasonably anticipated use of the Hercules 4-1/2" Heavy Duty Angle Grinder when used with a saw chain woodcarving blade or toothed saw blade, like the Bauer wood carving disk, including but not limited to warnings regarding:

    a. The extreme risk of sudden kickback;

    b. The potential for loss of control;

    c. The likelihood of catastrophic hand injury, including lacerations, fractures, nerve damage, and amputation; and,

    d. The risk of loss of control even when the product is used with safety guards and in accordance with provided instructions.

52. Defendant failed to include any on-product warnings, labels, or conspicuous hazard disclosures on the Hercules 4-1/2" Heavy Duty Angle Grinder, and failed to provide adequate warning language in the accompanying instruction materials.

53. At all times relevant herein, Plaintiff used the Hercules 4-1/2" Heavy Duty Angle Grinder and Bauer wood carving disc in a manner reasonably anticipated and intended by Defendant.

54. As a direct and proximate result of Defendant selling the Hercules 4-1/2" Heavy Duty Angle Grinder without adequate warnings, Plaintiff suffered severe, permanent, and catastrophic injuries, including partial amputation, fractures, nerve damage, loss of function, disfigurement, physical pain, emotional distress, and economic loss.

55. Defendant is therefore strictly liable for Plaintiff's injuries and damages under Missouri products liability law based upon failure to warn.

WHEREFORE, Plaintiff prays for judgment against Defendant Harbor Freight Tools USA, Inc., for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, for costs of suit, and for such other and further relief as the Court deems just and proper.

### Count IV - Missouri Merchandising Practices Act (§ 407.020, RSMo)

56. Plaintiff incorporates by reference and realleges the allegations of Paragraphs 1 through 55 of this Petition as if fully set forth herein.

57. Section 407.020.1, RSMo, of the Missouri Merchandising Practices Act ("MMPA") provides, in pertinent part, that the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce in or from the State of Missouri is declared to be an unlawful practice.

58. Defendant Harbor Freight Tools USA, Inc. is a "person" within the meaning of § 407.010(5), RSMo.

59. The Bauer wood carving disc, model 2061A-C414, constitutes "merchandise" within the meaning of § 407.010(4), RSMo.

60. Defendant's advertising, offering for sale, sale, and distribution of the Bauer wood carving disc through its retail stores and marketing materials in Missouri constitutes "trade" or "commerce" within the meaning of § 407.010(7), RSMo.

61. Defendant advertises and sells the Bauer wood carving disc in Missouri retail locations and markets the product as a compatible and safe attachment for use with handheld angle grinders, including the Hercules 4-1/2" Heavy Duty Angle Grinder sold by Defendant.

62. In connection with the sale and advertisement of the Bauer wood carving disc to Missouri consumers, Defendant used or employed unlawful acts and practices in violation of § 407.020, RSMo, before, during, and after the sale of the product.

63. Defendant's unlawful acts and practices include, but are not limited to, the following:

a. Misrepresenting, expressly and impliedly, that the Bauer wood carving disc is safe for consumer use on handheld angle grinders when used as intended;

b. Failing to disclose and omitting material facts regarding the extreme risk of sudden and violent kickback associated with the product's use;

c. Failing to disclose and omitting material facts regarding the foreseeable risk of catastrophic hand injury, including amputation, even when the product is used with safety guards and in accordance with instructions;

d. Providing an instruction manual that affirmatively recommends use of the wood carving disc with a handheld grinder while omitting material safety warnings necessary for consumers to make an informed purchasing decision; and,

13

e. Misrepresenting the characteristics, uses, and safety profile of the Bauer wood carving disc through marketing, packaging, and point-of-sale materials.

64. Defendant's representations and omissions had the tendency and capacity to deceive reasonable consumers, including Plaintiff, regarding the true risks associated with the Bauer wood carving disc.

65. Plaintiff purchased the Bauer wood carving disc in Missouri for personal, family, or household use, and relied upon Defendant's representations and omissions in deciding to purchase and use the product.

66. As a direct result of Defendant's unlawful acts and practices, Plaintiff purchased and used the Bauer wood carving disc without knowledge of its true and extreme dangers.

67. As a direct and proximate result of Defendant's violations of the Missouri Merchandising Practices Act, Plaintiff suffered ascertainable losses, including but not limited to:

a. Severe and permanent physical injuries;

b. Medical expenses;

c. Physical pain and emotional distress;

d. Permanent disfigurement and loss of function;

e. Loss of enjoyment of life;

f. Other economic and noneconomic damages.

68. Defendant's conduct was willful, knowing, and intentional, or demonstrated a reckless disregard for the rights of Missouri consumers.

WHEREFORE, Plaintiff prays for judgment against Defendant Harbor Freight Tools USA, Inc., for compensatory and statutory damages, including attorney's fees, in an amount in

14

Case 2:26-cv-04003-BP    Document 14    Filed 02/27/26    Page 14 of 15

excess of $75,000, exclusive of interest and costs, for costs of suit, and for such other and further relief as the Court deems just and proper.

**Law Office of Uhrig & Brown**

*/s/ Matt Uhrig*
Matthew B. Uhrig, MO Bar No. 49750
Alexander Brown, MO Bar No. 73646
501B South Henry Clay Boulevard
PO Box 640
Ashland, MO 65010
P. (573)657-2050
F. (573)657-2051
E. matt@ublawfirm.com
E. alexander@ublawfirm.com
*Attorneys for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2026, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all parties of record.

*/s/ Matt Uhrig .*